Filed 5/7/14  In re I.H. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re I.H., a Person Coming Under the Juvenile Court Law. | C074015 |
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>   v.<br><br>I.H.,<br><br>     Defendant and Appellant. | (Super. Ct. No. 132673) |

Appointed counsel for minor I.H. asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to the minor, we will affirm the judgment.

1

I

The minor admitted a misdemeanor charge of threatening a school official. (Pen. Code, § 71.) The juvenile court declared the minor a ward of the court and placed him in the home of his parents under the supervision of the probation department.

Approximately two months later, the People charged the minor with robbery. The robbery victim suffers from paranoid schizophrenia and takes medication for the condition. The victim admitted that he sometimes has memory problems and difficulty focusing on conversations he is having with others. The victim's brother was permitted to remain in court as a support person.

The victim testified that on February 10, 2013, he purchased a 24-ounce container of beer from a Shell service station on the corner of Walnut and El Camino and drank it behind the service station. The victim did not feel intoxicated. About 6:45 p.m., the victim was crossing the street when he saw the minor across the street. The victim had known the minor for a year and had met him through the victim's 17-year-old neighbor "Brody."

According to the victim, the minor caught him "in the middle of the street," kicked him in the ribs, took his wallet and ran off. Because he did not have his cell phone with him, the victim used the Shell station phone to call 911.

Deputy Kari Bloss responded to the call and the victim told her what happened. She took the victim to where the minor was being held and the victim identified the minor as the robber. The victim subsequently identified the minor in court as the person who robbed him.

On cross-examination, the victim testified the robbery occurred "[r]ight in the middle of the parking lot" of the Shell station, and there was no doubt in his mind that was where the robbery occurred. He also testified that the person in charge of the Shell station would not let him use the station's phone. Because he used a phone to report the robbery, he must have used his cell phone. Following a short recess, the victim testified

2

that after further reflection, he used the phone of a friend who lives in the Aspen Village apartments near the Shell station. The victim told the 911 operator he was robbed in front of the Aspen Village apartments.

Deputy Bloss testified she responded to the victim's robbery report and was flagged down by him at the Shell station. The victim was very emotional. The victim said the robbery happened "over there," pointing down the block toward a location where Bloss eventually learned the minor was being detained. Bloss transported the victim to where the minor was being held and the victim identified the minor as the robber.

Adlert Robinson, an investigator with the district attorney's office, spoke with the victim by telephone for approximately 20 minutes. The victim denied having been drinking, taking any medication, or being under the influence when he was robbed. Robinson testified the interview was difficult because it was hard to keep the victim focused on the questions; the victim kept changing the topic. At one point he explained that he had been harassed by the minor over the past couple of years.

The juvenile court recognized that the victim had some challenges, but the victim was very open about it and made no attempt to conceal it. The juvenile court observed that it was difficult for the victim to stay on track; his answers to questions "generally were rational answers except to a different question." Although the victim gave inconsistent accounts of where the robbery took place within the vicinity of El Camino and Walnut, the area where the gas station was located, the victim was consistent that it was the minor who robbed him. The victim "was able to communicate clearly when he understood the questions" and had been subject to "four or five hours" of "rigorous cross-examination."

Following the contested jurisdictional hearing on April 10, the juvenile court sustained the robbery charge. On April 24, the juvenile court continued the minor as a ward of the court, removed him from the custody of his parents, and ordered him to serve 180 days in juvenile hall. Because the minor would be 18 years of age after he served the

3

juvenile hall term, the juvenile court ordered him placed in his own care and custody under the supervision of the probation officer on various terms and conditions. The minor's maximum period of confinement was set at five years four months.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking us to determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Counsel advised the minor of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from the minor.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to the minor.

## DISPOSITION

The judgment is affirmed.

                                                    MAURO            , J.


We concur:


            BLEASE            , Acting P. J.


            HULL            , J.